[806 NYS2d 423]

In the Matter of JOSEPH J. MILANO (Admitted as JOSEPH JOHN MILANO), an Attorney, Resignor.

Second Department, January 10, 2006

## APPEARANCES OF COUNSEL

*Joseph J. Milano*, Ossining, resignor pro se.

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Joseph J. Milano has submitted an affidavit dated October 18, 2005, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Milano was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 25, 1976, under the name Joseph John Milano.

Mr. Milano avers that his resignation is submitted freely and voluntarily, that he is not being subjected to any coercion or duress, and that he is fully aware of the implications of its submission. He acknowledges the existence of the Grievance Committee's order to show cause seeking his immediate suspension from the practice of law for an indefinite period and until further order of the Court, pursuant to 22 NYCRR 691.4 (l) (1) (i) and (iii), based upon his failure to comply with its lawful demands in connection with an investigation into his conduct as an attorney and/or other evidence of professional misconduct. Mr. Milano further acknowledges that he would be unable to successfully defend himself on the merits against the charges and factual allegations filed against him in the Grievance Committee's petition dated September 29, 2005. These charges and allegations include misappropriation, commingling, failing to account for and to properly maintain funds received incident to his practice of law, and failing to respond to the lawful demand of the Grievance Committee during the course of its investigation.

Mr. Milano is aware that, pursuant to Judiciary Law § 90 (6-a), any funds held by him in a fiduciary capacity for third parties and not accounted for, could result in a requirement that he make monetary restitution to any persons whose money or property was misappropriated or misapplied or that he reimburse the New York Lawyers' Fund for Client Protection. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) to be heard in opposition thereto.

Mr. Milano acknowledges and agrees that pending issuance of an order by this Court with respect to his resignation, he cannot take on any new clients or accept any retainers for future legal services to be rendered; he must promptly notify all clients being represented in pending matters, as well as opposing

counsel and any courts involved, that he submitted a resignation and that provision must be made for his immediate relief as counsel; and that there will be absolutely no transactional activity in his attorney trust account at Hudson Valley Bank, other than for payment of funds held on behalf of clients or other third parties entitled to receive them.

Inasmuch as the proffered resignation now complies with all pertinent Court rules, it is accepted, effective immediately, Mr. Milano is disbarred, his name is stricken from the roll of attorneys, and the Grievance Committee's pending motion for, inter alia, his interim suspension, is denied as academic in light of his resignation.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the resignation of Joseph J. Milano, admitted as Joseph John Milano, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph J. Milano, admitted as Joseph John Milano, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joseph J. Milano, admitted as Joseph John Milano, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph J. Milano, admitted as Joseph John Milano, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the motion by the Grievance Committee for the Ninth Judicial District, inter alia, to suspend Joseph J. Milano, admitted as Joseph John Milano, from the practice of law pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and (iii) is denied as academic in view of his resignation; and it is further,

Ordered that if Joseph J. Milano, admitted as Joseph John Milano, has been issued a secure pass by the Office of Court

Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).